UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCEANSIDE INVESTMENTS, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03453-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 40 |

## INTRODUCTION

On September 23, 2016, the Mellen Law Firm filed a Motion to Withdraw as Counsel for Defendants and Counter-Claimants Gable Jackson Payne and Jeffe Payne Leffler ("Defendants"). Mot., Dkt. No. 40. No opposition has been filed. *See* Dkt. No. 41 (statement by Mellen Law Firm that no opposition received as of October 14, 2016). The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 1, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the Motion for the reasons set forth below.

## BACKGROUND

Matthew Mellen of the Mellen Law Firm represents there has been an irretrievable breakdown of communication between his firm and Defendants. Declaration of Matthew Mellen ("Mellen Decl.") ¶ 2, Dkt. No. 41-1; *see also* Mot. at 1. Mellen indicates that further description of details leading to this point could jeopardize the attorney-client privilege but asserts that "the continued representation of these Defendants will ultimately result in a conflict of interest." Mellen Decl. ¶¶ 3-4. He explains "the breakdown of communication has made it so that it has become unreasonably difficult for the Mellen Law Firm to carry out its employment effectively." *Id.* ¶ 3.

Mellen attests that "Defendants have been notified that the Mellen Law Firm would be bringing a Motion to be Relieved as Counsel on numerous occasions, via email and telephone." *Id.* ¶ 5. He further notes this "Motion was served on Defendants at their last known address on September 23, 2016 via US mail." *Id.*; *see also* Certificate of Serv., Dkt. No. 40-3.

Finally, Mellen argues that withdrawal of counsel is in the interest of justice and will not prejudice Defendants, as they have already filed an Answer to the Complaint and no dispositive motions are currently pending in this action. Mot. at 2. Discovery closes in this action on December 20, 2016. *See* Scheduling Order, Dkt. No. 34.

The Court previously denied the firm's first motion to withdraw as counsel for these Defendants as well as another Defendant, Oceanside Investments, Inc. ("Oceanside") (Dkt. No. 23), on the ground that a corporation like Oceanside may only appear through a member of the bar of this Court. Order, Dkt. No. 29. The Mellen Law Firm has recently clarified it will continue representing Oceanside in this action if allowed to withdraw as counsel for the other Defendants. Suppl. Br., Dkt. No. 44.

**LEGAL STANDARD**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) enumerates grounds pursuant to which counsel may properly seek to withdraw from representation. One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw;

(2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

Counsel shall not withdraw from employment before taking steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *See* Cal. R. Prof. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## DISCUSSION

Based on the record in this case, the Court shall allow the Mellen Law Firm to withdraw as counsel for Gable Jackson Payne and Jeffe Payne Leffler. Counsel has provided a supporting declaration explaining the breakdown in communication and the attorney-client relationship, which makes it unreasonably difficult to effectively carry out the firm's employment and duties. Despite being served with this Motion, neither Plaintiffs nor any of the Defendants have objected or otherwise responded, which indicates any possible prejudice caused by the withdrawal is likely minimal. The possibility of prejudice also is mitigated by the fact the parties have several more weeks to conduct discovery and dispositive motions are not due until January 19, 2017. *See* Scheduling Order. Finally, the Court finds no meaningful harm that withdrawal might cause to the administration of justice or particular risk of delay to resolution of the case. *See Atkins*, 2015 WL 4150744, at *1. The Court also finds that the Mellen Law Firm has complied with its obligations under California Rule of Professional Conduct 3-700(A)(2). In sum, the Court finds withdrawal acceptable under the circumstances.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Mellen Law Firm's Motion to Withdraw as Counsel for Defendants and Counter-Claimants Gable Jackson Payne and Jeffe Payne Leffler.  However, because Defendants have not consented to the withdrawal and no substitution of counsel has been filed on their behalf, the Motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on Gable Jackson Payne and Jeffe Payne Leffler for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).  For all such documents, the Mellen Law Firm shall e-file proof of service upon Gable Jackson Payne and Jeffe Payne Leffler.  No chambers copy is required.

As Gable Jackson Payne and Jeffe Payne Leffler are now proceeding pro se, the Court directs their attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk.  They may also wish to seek assistance from the Legal Help Center, a free service of offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: October 31, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge